JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-01046-SSS-DTBx | | Date | June 17, 2026 |
|---|---|---|---|---|
| Title | *Mary Lyons v. County of San Bernardino et al.* | | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DISMISSING ACTION FOR LACK OF STANDING**

This matter comes before the Court on the question of Plaintiff Mary Lyons's standing to pursue injunctive relief, which the Court raised and on which it ordered supplemental briefing.  The parties have submitted briefs on the issue.  [Dkts. No. 77, 78].  For the reasons discussed below, the Court finds that Plaintiff lacks Article III standing to seek the only relief that remains available to her, and the action is thus **DISMISSED** for lack of Article III standing.

## I.   BACKGROUND

Plaintiff asserts claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  Her negligence claim was dismissed on summary judgment.  [Dkt. No. 57].  At the final pretrial conference, the Court ruled that Plaintiff may not recover damages of any kind on her remaining claims—punitive, emotional distress, compensatory, or nominal—and that the matter would be tried to the bench.  [Dkt. No. 76].  That left Plaintiff's request for prospective injunctive relief as the sole remaining remedy.  The Court observed that it may inquire into subject-

matter jurisdiction at any time and directed the parties to brief whether Plaintiff has standing to pursue that relief.

## II.   LEGAL STANDARD

"Though its purpose is 'sweeping', and its mandate 'comprehensive,' the ADA's reach is not unlimited.  Rather, as with other civil rights statutes, to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating [her] standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc) (citations omitted) (citing U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (2004)).

To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) that is fairly traceable to the defendant's challenged conduct, and (3) that is likely to be redressed by a favorable decision. *Lujan*, 504 U.S. at 560–61.  A plaintiff must demonstrate standing for each form of relief she seeks. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983).

A plaintiff who asserts civil rights violations and seeks injunctive relief must find a way to distinguish *City of Los Angeles v. Lyons* and its progeny, which courts have repeatedly cited in the last 40 years as the basis for denying such relief. *See, e.g.*, *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't*, 924 F.3d 375, 393–96 (7th Cir. 2019); *J W by and through Tammy Williams v. Birmingham Bd. of Ed.*, 904 F.3d 1248, 1264–73 (11th Cir. 2018); *Simmons v. Poe*, 47 F.3d 1370, 1382–83 (4th Cir. 1995); *Gladden v. Roach*, 864 F.2d 1196, 1198–99 (5th Cir. 1989); *Curtis v. City of New Haven*, 726 F.2d 65, 67–69 (2d Cir. 1984).

Under *Lyons*, a plaintiff who seeks injunctive relief must satisfy an additional requirement.  Because an injunction operates only upon future conduct, past exposure to unlawful conduct does not by itself establish a present case or controversy. *See* 461 U.S. at 102.  The plaintiff must show "a real and immediate threat" of future injury that is neither conjectural nor hypothetical. *Id.* at 101–05. Past wrongs are evidence bearing on whether such a threat exists, but they do not in themselves warrant prospective relief. *Id.* at 102–03.  The Ninth Circuit applies this rule with equal force. *Midgett v. Tri-County Metro. Transp. Dist. of Or.*, 254 F.3d 846, 850 (9th Cir. 2001) (a plaintiff must show "a real or immediate threat of substantial or irreparable injury"); *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1042 (9th Cir. 1999) (en banc).

CIVIL MINUTES—GENERAL            Initials of Deputy Clerk iv

Still, the Ninth Circuit has enumerated two ways in which a plaintiff can distinguish *Lyons* and properly establish standing for injunctive relief:

> First, a plaintiff may show that the defendant had, at the time of the injury, a written policy, and that the injury stems from that policy. Second, the plaintiff may demonstrate that the harm is part of a pattern of officially sanctioned . . . behavior, violative of the plaintiffs' [federal] rights.

*Melendres v. Arpaio*, 695 F.3d 990, 998 (9th Cir. 2012) (quoting *Mayfield v. United States*, 599 F.3d 964, 971 (9th Cir. 2010)).

## III.    DISCUSSION

The Court's standing inquiry focuses on the legal standards governing whether Plaintiff has suffered an injury-in-fact and whether she has demonstrated a likelihood of future injury sufficient to support injunctive relief.

### A.    Real and Immediate Threat of Future Injury

Here, Plaintiff's claim rests on a single, completed encounter on April 22, 2023.  She does not allege that the District subjected her to comparable conduct before that date, and she identifies no comparable incident in the three years since. Nor does she allege facts showing that she herself is likely to be subjected to the same conduct again.  The future harm she posits depends on a speculative chain of contingencies: that her wheelchair will again lose power, in an area served by the District, prompting another 911 call that is routed to the District, which will then again decline to assist her.  This is precisely the kind of conjectural and hypothetical threat—a chain of "ifs"— that *Lyons* holds insufficient to confer standing for injunctive relief.  461 U.S. at 105–06, 108–09.

Binding Ninth Circuit authority confirms this conclusion.  In *Midgett*, a wheelchair user sued a transit district under the ADA after lift equipment failed on multiple buses in a single day.  254 F.3d at 847–49.  The court held that those "frustrating, but isolated, instances" established, at most, past violations and did not support an inference that the plaintiff faced "a real and immediate threat of *continued, future* violations of the ADA in the absence of injunctive relief."  *Id.* at 850–51.  Plaintiff here alleges a single instance, fewer than the plaintiff in *Midgett*, and likewise establishes only a past harm.  She thus fails the injury-in-fact requirement for prospective relief.

CIVIL MINUTES—
GENERAL    Initials of Deputy Clerk iv

### B.    Plaintiff's Policy-or-Pattern Theory

Plaintiff argues that she can show a likelihood of future injury by establishing that the District will always act in the same manner, that it maintains a written policy to do so, or that its conduct reflects an officially sanctioned pattern. [Dkt. No. 77 at 4–6].  *See Sims v. City of Seattle*, No. C21-1264, 2023 WL 3619019, at *3–*5 (W.D. Wash. May 24, 2023).

Courts in this Circuit have found standing for injunctive relief where plaintiffs successfully alleged either a written policy or pattern of officially sanctioned behavior or otherwise distinguished *Lyons*.  *See, e.g.*, *Solano v. U.S. Immigr. and Customs Enf't*, No. C21-1576, 2021 WL 4539860, *4–5 (C.D. Cal. 2021) (finding standing for prisoner subject to "systemic policy or practice" of immigration arrests by private contractors); *Magassa v. Wolf*, 487 F. Supp. 3d 994, 1010–11 (W.D. Wash. 2020) (finding standing for airport employee subject to "continuous" security policy); *Doe v. Hagee*, 473 F. Supp. 2d 989, 997 (N.D. Cal. 2007) (distinguishing *Lyons* because plaintiffs alleged likelihood of encounter with Marines recruiters and that Marines "condoned" the "practice" of sexual assault); *Rodriguez v. Cal. Highway Patrol*, 89 F. Supp. 2d 1131, 1142 (N.D. Cal. 2000) (distinguishing *Lyons* because plaintiffs did not yet have discovery, standing did not require commission of crime, and complaint alleged pattern of activity by law enforcement).  *But see Puckett v. Cnty. of Sacramento*, No. C22-0350, 2023 WL 2432919, at *4 (E.D. Cal. Mar. 9, 2023) (finding no standing where plaintiff alleged prior unlawful investigation by police but "does not show any 'real or immediate' threat" of further incarceration or investigation); *East v. City of Richmond*, No. C10-2392, 2010 WL 4580112, at *5–6 (N.D. Cal. Nov. 3, 2010) (finding no standing where plaintiff alleged prior incident of physical retaliation by police but did not identify "any realistic future threat or that she will be subject to the same harm again").

Here, Plaintiff cannot satisfy that standard by any of its routes.  She has not shown that the District always declines to assist disabled callers in comparable circumstances, she identifies no written policy directing such conduct, and she points to no officially authorized or sanctioned pattern.  Her sole evidence is one crew member's remark at the scene that the crew was "really not equipped" to take her chair.  [Dkt. No. 77 at 5].  A single field statement is neither a policy nor a pattern, and under *Midgett*, such isolated instances establish only past conduct, not a real and immediate threat of future violations.  254 F.3d at 850–51.

CIVIL MINUTES— GENERAL    Initials of Deputy Clerk <u>iv</u>

This conclusion is reinforced by the deference owed to a public entity's management of its own affairs. *See id.* at 850 (citing *Rizzo v. Goode*, 423 U.S. 362, 378–79 (1976)) ("[B]ecause Plaintiff seeks to enjoin a government agency, "[her] case must contend with the well-established rule that the Government has traditionally been granted the widest latitude in the dispatch of its own internal affairs."). Federal courts will not interfere with such operations "in the absence of facts showing an immediate threat of substantial injury." *Rizzo*, 423 U.S. at 378–79; *Hodgers-Durgin*, 199 F.3d at 1042–43. No such facts are present here.

### C.     Plaintiff's ADA Access Cases

Plaintiff invokes the line of ADA standing cases addressing fixed architectural barriers. [Dkt. No. 77 at 2–3 (citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040–42 (9th Cir. 2008); *Chapman*, 631 F.3d 939; *Kirola v. City & County of San Francisco*, 860 F.3d 1164 (9th Cir. 2017); *Langer v. Kiser*, 57 F.4th 1085 (9th Cir. 2023); *Twede v. Univ. of Wash.*, 309 F. Supp. 3d 886 (W.D. Wash. 2018))].

Specifically in this ADA context, the Ninth Circuit has held that a plaintiff establishes standing to pursue injunctive relief either by demonstrating a deterrent effect or by showing an injury in fact coupled with an intent to return to the noncompliant facility. *Chapman*, 631 F.3d at 948; *Doran*, 524 F.3d at 1040–42. However, either route still requires a likelihood of future injury. *Chapman*, 631 F.3d at 950–53.

Here, the framework does not fit these facts. There is no fixed facility to which Plaintiff intends to return, and she has neither shown that she is presently deterred from any activity nor that she is likely to re-encounter the conduct at issue. Even on the deterrence and intent-to-return analysis she urges, Plaintiff fails to establish a likelihood of future injury.

### D.     Plaintiff's Proposed Injunction

Plaintiff's proposed relief confirms the absence of standing. Plaintiff here proposes an injunction directing the District's public-safety personnel to render aid to disabled persons or to summon an alternative responder when they cannot do so themselves. [Dkt. No. 77 at 6]. However, an injunction does not issue as of course, and a court is not mechanically obligated to grant one for every asserted violation of law. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987).

The structural relief Plaintiff envisions would require ongoing judicial supervision of how a public entity organizes and dispatches its emergency services, precisely the interference that *Rizzo* and *Lyons* counsel against absent a demonstrated pattern of violations.  Cases approving such system-wide relief rest on findings of pervasive, ongoing violations, not on a single incident.  *See Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1073 (9th Cir. 2010) (holding that system-wide relief was inappropriate when evidence of ADA violations was composed largely of single incidents that could be isolated).  The proposed remedy thus underscores, rather than cures, the standing defect.

## IV.   CONCLUSION

For the aforementioned reasons, the Court concludes that Plaintiff lacks Article III standing to pursue prospective injunctive relief, which is the sole remaining remedy in this action.  As such, the action is **DISMISSED WITHOUT PREJUDICE** for lack of Article III standing.  All pending dates, including the bench trial set for June 22, 2026, are **VACATED**.  The Clerk is directed to close the case. (JS-6)

**IT IS SO ORDERED.**